In THe United States District Court
For THe Southern District of AlaBama
Southern Division

FILED APR 13 '17 PM 2:11 USDCALS

Antonio Spencer
AIS # 244156,
        Plaintiff,

                                Case # : 1:15-CV-00477-CG-B

-VS-

Captain D. Fails, et al,

        Defendants.

## Plaintiff's Opposition and
Plaintiff's Memorandum of Law in Response
To Defendant's Motion For Summary Judgment

Comes Now the Plaintiff, Antonio Spencer, and
in response to Defendant's Motion For Summary
Judgment, Submits the following memorandum
of facts and Law, Plaintiff Motions this
Honorable Court take Judicial Notice of File:

# I. Introduction

This Case arises out of an injury which Mr. Spencer suffered when Capt. Fails, CO, Dusen, Maliciously and Sadistically use unnecessary Cruel and unusual force without provocation other than while excercising my freedom of Speech Due Process Right to be free from Cruel and Unusual force/punishment which violates in the Supreme Court Laws of the Laws", Laws of the Eighth Amendment of the United States of America's Constitutional Amendments Ordered and participated in an Attack on Mr. Spencer As to the ① Undisputed facts: when plaintiff was approached by ALDOC Employee(s) and ordered to follow them into the Main Hall and he complied and

-2-

when ordered to allow himself to be handcuffed he complied, not becoming combative at all, nor resisting." (See Capt. Darryl Fails - Affidavit).

## II. Statement of Undisputed Facts

Mr. Spencer was sprayed with chemical Agent while handcuffed from the rear and knocked down to the floor and shackled with leg Irons and drugged to the Infirmary Causing Injury of Busted Head and Causing Permanent Injury to Mr. Spencer Left Little Finger in which paralysis is permanent, while CO Madison and Ezell assisted in this Malicious and Sadistic Attack without Provocation of Mr. Spencer and After being Attacked several times was denied Medical treatment And at one point CO Madison and Ezell Failed to protect Mr. Spencer From

the continuous Assault of Cruel and Unusual Punishment while restrained in Handcuffs and Leg Irons while choking, Kicking and Dragging Mr. Spencer in Violations of His Constitutional Rights.

## Incorporated Memorandum of Law

### III. Summary Judgment Standard

When the district Court reviews a motion for Summary Judgment it must determine two things: (1) whether any genuine issues of material fact exist, and if not, (2) whether the moving party is entitled to judgment as a matter of Law. Fed. R. Civ. P. 56(c). All evidence presented and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999).

after both parties have addressed the motion for Summary judgment, the court should not grant the motion unless no genuine issues of material fact exist and only if the moving party is entitled to judgment as a matter of law.

IV.                    ARGUMENT

A. Summary Judgment should be denied because the force and Attack by Capt. Fails and CO, Duren, CO, Madison and CO, Ezell was performed without penalogical justification.

In McReynolds v. Ala. Dep't of Youth Services, the Eleventh Circuit Court of Appeals held that "[t]he Eighth Amendment ban on Cruel and Unusual Punishment protects prisoners from

Punishment involving "the unnecessary
and wanton infliction of pain [and]
the imposition of Pain totally
without penalogical justification.'"
McReynolds v. Ala. Dept of Youth Services,
204 Fed. Appx. 819, 821 (11th Cir. 2006) (
quoting Evans v. Dugger, 908 F.2d 801,
803 (11 Cir. 1990).

In this case, as in McReynolds, Capt. Parks,
Co, Duren, Madison and Ezell contends
that they were using force in the context
of a security Measure. But Mr. Spencer
Avers that He was in Compliance From
the Moment he got out of bed and
entered the Main Hall upon where I

was immediately Handcuffed without incident and continued Respectful Conduct As I'd continued to inform Them All That "I Knew nothing About any Stabbing with inmate Luther Glenn, AIS# 148373" and Thats when Capt. Fails began His Attack with CO, Duren, Madison and Erell Maliciously and Sadistically Kicking, Knocking and Dragging and punching, Choking Mr. Spencer to the Floor Busting Mr. Spencer's Head wide Open while Handcuffed From the Rear. and Shackled.

When prison guards use force in the Context of a security Measure, "the issue ultimately turns on 'Whether Force was applied in good Faith effort

-7-

To maintain or restore discipline or Maliciously and Sadistically for the purpose of causing harm." McReynolds, 204 Fed. Appx. at 821 (quoting Whitley v. Albers, 106 S.Ct. 1078 (1986). In this Case, the evidence viewed in light most favorable to the Mr. Spencer shows that that there was no lack of discipline at the time the force was applied and a reasonable Jury could determine that the force was only applied to Cause Mr. Spencer harm as retribution of Constantly Stating "I know nothing about a Stabbing on inmate Luther Glenn" and I was found not Guilty of Charge Assault

-8-

on an inmate with a weapon Allegedly on inmate Luther Glenn who never told Lt. Neives, Capt. Fails or Any other ALDOC official at Holman Corr. Fac. that he'd ever had any issues with me Never and in Furtherance of the verbal altercation which Capt. Fails insisted by Ordering Mr. Spencer to step out of the way so Mr. Duren can close the Door, I'm Com- plying, take a Seat on the desk, just to snatch me off desk Bust my Head and parelysis in my left little Finger permanently Causing a Disability

to my Left Hand which will Ultimately Cause an effect on my Job Capabilities as to hand and Cor-dination and Cannot Close my hand Completely and Will never get to play the Sports I enjoy For exercise and needed throughout my life has been limited and Halted by the Hands of these Beast Acting of sort of gentlemen.

B. Summary Judgment should be denied because Capt. Fails, CO, Duren, Madison and Ezell intent was Sadistic and Malicious.

The Case currently before this Court is unique in that the objective evidence surrounding the incident provides insight into Capt. Fails, co, Duren, Madison and Ezell Malicious and Sadistic intent.

Notwithstanding this objective evidence of Sadistic and malicious intent, there are five factors to determine whether force was applied maliciously and sadistically: "(1) the extent of the injury; (2) the need for the application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of Staff and

inmates, as reasonably perceived by the
responsible officials on the basis of
the facts known to them." Williams v.
Scott, 433 Fed. Appx. 801, 804, (11th Cir.
2011) (quoting Campbell v. Sikes, 169 F.3d
1353, 1375 (11th Cir. 1999). Those five factors
all point to a Malicious and Sadistic
use of force in this case

    a. The extent of the injury is more
       than de minimis.

In Order to establish a viable excessive
force claim, Mr. Spencer needs only to
show that that more than a de minimis
injury resulted. See Johnson v. Breeden,
280 F.3d 1308, 1321 (11th Cir. 2002). In this

Case, the evidence shows that Mr. Spencer's injuries was far more than de minimis. The force of the Busting of Mr. Spencer's Head on the Desk and Floor while snatching him off the Desk while Handcuffed from the rear and shackled with Leg Irons was so great that he needed medical treatment for Ten days and still suffers from migraine Headaches and blurred Vision sometimes and also the permanent paralysis of Left pinkie finger, of which "no official has explained the cause of injuries" other than the facts of excessive use of force on Restrained Inmate without provocation or resistance by Mr. Spencer.

The Eighth Amendment's prohibition against cruel and unusual punishment is triggered when a prisoner is subjected to an "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). Id at 320. See Hudson v. McMillian, 503 U.S. 1, 7 (1992).

The injuries Mr. Spencer have suffered are hardly injuries that can be characterized as de minimis. More importantly, it is well settled that "objectively unreasonable force does not become reasonable simply because the fortuity of the circumstances protected the plain-

-14-

~~tiff~~ From suffering more severe physical harm." Lee v. Ferraro, 284 F.3d 1188, 1200 (11th Cir. 2002). In this instance, the ~~plaintiff~~ Mr. Spencer has alleged facts from which a reasonable jury could find that Capt. Fails, Co. Duren, Madison and Ezell use of force was objectively unreasonable.

b. <u>Failure to intervene</u>

Prison guards may become directly liable under §1983 if the fail or refuse to intervene when a constitutional violation occurs in their presence. Ensley v. Soper, 142 F.3d 1402, 1407 (11th

Cir. 1998). However, in order for liability to attach, the officer must have actually been in a position to intervene. Id. at 1407; citing Thompson v Boggs, 33 F.3d 847 (7th Cir. 1994). Unless a guard has a "realistic opportunity" to prevent an attack, he cannot be held liable under § 1983.

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners, Farmer v. Brennan, 511 U.S. at 833, and it is axiomatic that this same duty would impose liability on supervisory personnel who are deliberately indifferent to a risk of harm

to inmates by prison guards under their
Supervisory Control. In this instance,
Mz Spencer has claimed excessive use
of force and Taken as true for purposes
of this case, the Plaintiff's Allegations,
to which Capt. Fails, Co, Duren, Madison and
Ezell has offered a general denial, Create
a genuine issue of fact to be determined
by the trier of fact.

C. Deliberate Indifference

To prove a Constitutional Violation
by supervisory personnel in the actual
use of force excessively, A Plaintiff
must show that there was a Causal
Connection between the Supervisor's

actions and the subordinates' use of excessive force. Valdes v. Crosby, 450 F.3d 1231, 1237 (11th Cir. 2006). A causal connection may be established when: (1) a "history of widespread abuse" would put a responsible supervisor on notice of the need to correct a pattern of abuse, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. Valdes, 450 F.3d at 1237.

-18-

Sea Skrtich v. Thornton r280 f. 3d 1295, 1301-1302
(11th Cir. 2002) officers who is present at the
Scene and who fails to take reasonable
steps to protect the victim or another officer's
use of excessive force can be held liable
for his non feasance.

Hudson v. McMillian, 503 U.S. 1, 9 (1992),
officials who "maliciously and Sadistically
use force to cause harm" violates the
Eighth Amendment even if the prisoner
in question did not sustain a "significant
injury" as a result. Although Mr. Spencer
Sustained Significant injury while Hand-
Cuffed. Hudson, 503 U.S. at 4, 10.

When Chemical Agents are used
unnecessarily, without penological Justifi-
Cation 10r for the very purpose of punish-

-19-

ment or harm, that use satisfies the Eighth Amendment's objective harm requirement. Thomas v. Bryant, WL 3270965 (11th Cir. Aug. 20, 2010) ; Danley v. Allen 540 F.3d 1298, 1311 (11th Cir. 2008) ; Randall v. Scott, 610 F.3d 701 (11th Cir. 2010) ; Iko v. shreve, 535 F. 3d 225, 239 (4th Cir. 2008) ; Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984) .

d. Defendant's Capt. Faits, CO, Duren, Ezell, Madison should be denied Qualified Immunity because the force used was unnecessary and without provocation in violation of Clearly established Law of the United States Constitution.

Respondents may nevertheless be Shielded From liability For their Constitutionally impermissible Conduct 17 the actions did not violate "Clearly established Statutory or constitutional rights of which a reasonable person Would have Known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L.ed.2d 396, 102 S.ct. 2727.

Qualified immunity operates to ensure that before they are subject to suit

, Officers are on notice that their conduct is unlawful. Officers sued in a § 1983 civil action have the same fair notice right as do defendants charged under 18 U.S.C. § 242, which makes it a crime for a state official to act willfully and under color of state to deprive a person of constitutional rights. This Court's opinion in United States v. Lanier, 520 U.S. 259, 137 L.ed. 2d 432, 117 S.ct. 1219, a § 242 case, makes clear that officials can be on notice that their conduct violated established law even in novel factual situations. in order

to establish an eighth Amendment violation. Among the "unnecessary and wanton' infliction of Pain [constituting cruel and unusual Punishment forbidden by the Amendment] are those that are 'totally without penological justification.'" Rhodes v. Chapman, 452 U.S. 337, 346, 69 Led. 2d 59, 101 S. ct. 2392. This determination is made in the context of prison conditions by ascertaining whether an official acted with "deliberate indifference" to the inmates' health and safety,

Hudson v. McMillian, 503 U.S. 1, 8, 117 L.ed.2d 156, 112 S.Ct. 995, a state of mind that can be inferred from the fact that the risk of harm is obvious, Farmer v. Brennan, 511 U.S. 825, 128 L.ed.2d 811, 114 S.Ct. 1970. and the eighth amendments violations in this case is obvious on the facts alleged.

MR. Spencer was awaken from his bed in C-Dorm ordered to get dressed and enter main Hall upon which he complied with out resistance and was immediately Handcuffed from the rear and escorted to the office

24

07 Capt. Fails by himself and five other officers upon which after being questioned concerning Assault on an inmate and informing them he had no Knowledge the attack began in which the officers has no explaination as to how mr. Spencer ended up with a busted Head, permanent Paralysis to his pinkie finger, other abrasions, Sprayed with Chemical agent while all in restraints from the rear and leg ironed and the alleged reason mr. Spencer was Arrested for an assault he was exonerated of Charges.

and to constantly beat, Kick, Knock, drag & punch on me. Spencer for no other reason other than because he's restrained and is an inmate violates clearly established Law.

Cooper v. Sheriff, Lubbock Co., Tex., 929 F.2d 1078 at 1084 (5th Cir 1991), Officials have no immunity in § 1983 action Officials. when contours of rights violated were so clear at time Official acted that reasonable Official would have understood that what he was doing violated that right. 42 USCA § 1983.

See Hope v. Pelzer, 536 US 730, 122 S.Ct.
2508, 153 L.ed.2d 666.

The unnecessary and wanton inflict-
ion of pain ... constitutes cruel and
unusual punishment forbidden by the
eighth amendment. Whitley v. Albers,
475 U.S 312, 319, 89 L.ed.2d 251, 106 S.Ct.
1078 (1986) (some internal quotation marks
omitted). Bozeman v. Orum, 422 F.3d 1265,
1271-72 (11th Cir. 2005); Brown v. Thompson,
159 Fed. Appx. 119, 119-20 (11th Cir. Dec. 14, 2005);
Skrtich v. Thornton, 280 F.3d 1295, 1299-1300
(11th Cir. 2002); Johnson v. Breeden, 280 F.3d.
1308, 1312 (11th Cir 2002); Harris v. Chapman,
97 F.3d 499, 505-506 (11th Cir. 1996).

April 3, 2017
_____
Date

Respectfully,

[signature]

-27-

**STATE OF ALABAMA**

Jefferson _____ **COUNTY**

## AFFIDAVIT

Before me, the undersiersigned Notary Public, personally appeared **Antonio Spencer** _____, who being known to me, and after being first being duty sworn, deposes and says as follows:

My name is **Antonio Spencer # 244156** and I am **over 21** years of age and competent to testify

That on September 8th, 2015, while in the Dorm in bed Sleep I was awaken by Capt. Tails, Lt. Nieves, along with officer(s) Duren, Gell and Pace where I was ordered to get dressed in uniform and come to the main Hall, I then complied once I entered Hall I was Handcuffed as told to turn around to be Cuffed, Capt. Tails asked what was going on and I stated I don't know! Capt. Tails became agitated and beligerent and I'm still handcuffed from behind Capt. Tails and officer Duren began their Assault and Battery by Slamming me on the ground and busting my head open on Desk and pulling my finger causing permitent Damage and Headaches and my Vision is slightly impaired for Knowledge unbeknownst to me the whole time Alleging I've stabbed Someone and I did nothing of the Case, I was found not guilty of Assault w/a weapon, and During these assaults and Battering I did not resist or become Combative "I'm Cuffed and restrained during this Attack while aided by Other guard(s) who failed to Protect and stop the Attack.

Antonio Spencer 244156
Signature of Affiant

Ackowledgement

STATE OF ALABAMA
Jefferson _____ COUNTY

Signed before me in person. a Notary Public, on this **29th** day of **March** 2017.

_____
Notary Public

MY COMMISSION EXPIRES DECEMBER 8, 2020
Commission Expires

# Certificate of Service

I hereby certify that a copy of the foregoing have been placed in the (institutional Mailbox) U.S. Mail postage prepaid on **3rd** day of <u>April</u> and 20<u>17</u> and served on the following:

Clerk
U.S.D.C.
Southern District of Alabama
113 St. Joseph St.
Mobile, Alabama
               36602

Alabama Dept. of Correction
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, AL
               36130-1501.

               and

Respectfully Submitted,

Mr. Antonio Spencer
#244156 (G-19)
100 Warrior Lane
Bessemer, AL 35023

-28-

Mr. Antonio Spencer
#244156   (G-19)
100 Warrior Lane
Bessemer , Al
35023

LEGAL ONLY

C/o: Hon. Clerk
United States District Courthouse
Southern District of Alabama
113 St. Joseph Street
Mobile , Alabama
36602